UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALAN RAY HANDY,<br><br>                          Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                          Defendant. | Case No. 3:13-cv-05937-BHS-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for July 18, 2014 |

Plaintiff has brought this matter for judicial review of defendant's denial of his application for disability insurance benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits be reversed and this matter be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On October 3, 2010, plaintiff filed an application for disability insurance benefits, alleging disability as of June 12, 2009. <u>See</u> ECF #8, Administrative Record ("AR") 11. That application was denied upon initial administrative review on March 3, 2011, and on reconsideration on June 20, 2011. <u>See</u> <u>id.</u> A hearing was held before an administrative law judge

REPORT AND RECOMMENDATION - 1

("ALJ") on May 25, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See AR 28-55.

In a decision dated June 8, 2012, the ALJ determined plaintiff to be not disabled. See AR 11-23. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on August 22, 2013, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). See AR 1; 20 C.F.R. § 404.981. On October 22, 2013, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. See ECF #1. The administrative record was filed with the Court on January 1, 2014. See ECF #8. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for further administrative proceedings, because the ALJ erred in discounting his credibility and because the ALJ's errors were not harmless. For the reasons set forth below, the undersigned agrees the ALJ so erred, and therefore recommends that defendant's decision to deny benefits be reversed and that this matter be remanded for further administrative proceedings.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

REPORT AND RECOMMENDATION - 2

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

I.   The ALJ's Assessment of Plaintiff's Credibility

Questions of credibility are solely within the control of the ALJ. See Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. Allen, 749 F.2d at 580. In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. See id. at 579. That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 3

determination is supported by substantial evidence. Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." Id.; see also Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." Lester, 81 F.2d at 834. The evidence as a whole must support a finding of malingering. See O'Donnell v. Barnhart, 318 F.3d 811, 818 (8th Cir. 2003).

In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms. See id.

The ALJ in this case discounted plaintiff's credibility in part because the medical evidence in the record was "inconsistent with the degree of severity of limitation alleged." AR 16. A determination that a claimant's subjective complaints are "inconsistent with clinical observations" can satisfy the clear and convincing requirement. Regennitter v. Commissioner of Social Sec. Admin., 166 F.3d 1294, 1297 (9th Cir. 1998). Plaintiff argues that in offering this as a reason for finding him to be not fully credible, the ALJ does "little more" than assert the medical evidence is inconsistent with his subjective complaints. ECF #11, p. 3. But the ALJ did

REPORT AND RECOMMENDATION - 4

more than this.  He discussed in a fair amount of detail the specific medical evidence he found to be not consistent with those complaints.  See AR 16-19.

A claimant's subjective complaints, however, may not be rejected "*solely* because the degree of pain alleged is not supported by objective medical evidence." Orteza v. Shalala, 50 F.3d 748, 749-50 (9th Cir. 1995) (quoting Bunnell v. Sullivan, 947 F.2d 341, 346-47 (9th Cir.1991)) (emphasis added); see also Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir.2001); Byrnes v. Shalala, 60 F.3d 639, 641-42 (9th Cir. 1995); Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989).  The undersigned agrees with plaintiff that the ALJ's other stated reasons for discounting his credibility do not withstand scrutiny.  Accordingly, the undersigned finds the ALJ's credibility determination overall to have been improper.

First, as plaintiff points out, although the record may fail to definitively show he had a "flare up" in his multiple sclerosis ("MS") after his initial diagnosis in October 2008, it contains at least one progress note wherein plaintiff reported having had an "exacerbation" of his MS in April 2009. AR 278.  As the ALJ himself notes, furthermore, the record does show a progression in plaintiff's MS-related symptoms, including a late January 2012 report of having "struggled with severe fatigue ever since" the initial diagnosis,[2] even though some symptoms were reported to have resolved in late November 2008.  See AR 17, 19, 282; see also AR 210, 218, 221, 225, 255, 279, 283-84.  This is thus not a valid basis for discounting plaintiff's credibility.  Nor is the fact that plaintiff kept working until June 2009 (see AR 16), given that he did not allege an onset date of disability prior thereto (see AR 11).

---

[2] The ALJ states that although plaintiff's MS was noted in late February 2012, to have "shown progression over the past three years," it was "currently stable." AR 284; see also AR 17.  But the fact that a medical condition is "stable" does not necessarily mean it has no significant impact a claimant's ability to function, but may mean merely that it is unchanging at the time.  In any event, as shown, at the same time current stability was noted it also was noted that plaintiff's MS had progressed for the past three years up to that point.

REPORT AND RECOMMENDATION - 5

The ALJ also discounted plaintiff's credibility because "[h]e did not seek medical treatment for his condition between January 2010 and January 30, 2012 . . . indicating his condition was apparently satisfactorily controlled with marijuana." AR 16. It is true that an ALJ may discount a claimant's credibility on the basis of medical improvement. See Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999); Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998). Although the record does show plaintiff reported experiencing symptom relief from medical marijuana in February 2011, which he began using in August 2010 (see AR 252), as discussed above it also strongly indicates the continuance and progression of significant symptoms over the relevant time period.

To the extent the ALJ viewed plaintiff's medical marijuana use as inappropriate treatment for his MS, furthermore, he also erred, as one of his treatment providers expressly noted that he had received it "through [the] Washington state medical marijuana card program and that his diagnosis of multiple sclerosis was one which was considered appropriate for" such use. Id. As for the lack of other treatment, failure to assert a good reason for not seeking treatment "can cast doubt on the sincerity of the claimant's pain testimony." Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989); see also Social Security Ruling ("SSR") 96-7p, 1996 WL 374186 *7 (claimant's subjective complaints "may be less credible if the level or frequency of treatment is inconsistent with the level of complaints").

The ALJ, though, "must not draw any inferences" about a claimant's symptoms and their functional effects from such a failure, "without first considering any explanations" that the claimant "may provide, or other information in the case record, that may explain" that failure. See 96-7p, 1996 WL 374186 *7; see also Carmickle v. Commissioner, Social Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008) (improper to discount credibility for failure to pursue treatment

REPORT AND RECOMMENDATION - 6

when claimant "has a good reason for not" doing so).  The ALJ in this case did not properly do so, as the record reveals plaintiff stopped pursing a number of prescribed treatment options due to the significant side effects he experienced therefrom.  See AR 210, 217, 251, 282; Erickson v. Shalala, 9 F.3d 813, 818-19 (9th Cir. 1993) (ALJ must consider all factors that may significantly impact claimant's ability to work, including medication side effects).  In addition, as the ALJ himself again noted, at least one medication was stopped because of ineffectiveness.  See AR 17, 284; Byrnes v. Shalala, 60 F.3d 639, 641 (9th Cir. 1995) (ALJ "must 'examine the medical conditions and personal factors that bear on whether [a claimant] can reasonably remedy' his impairment") (citations omitted).

Lastly, the undersigned agrees with plaintiff that his failure to report hand pain and numbness to one of his treatment providers, Kari K. Heber, M.D., in January 2012, was not a valid basis for discounting his credibility.  First, as plaintiff points out, the record shows he has complained of these symptoms for much of the relevant time period.  Indeed, in a late September 2008 treatment note, Dr. Heber herself noted plaintiff reported an episode of left-sided numbness the previous month that affected his upper extremities, including his left hand.  See AR 208, 210.  In late January 2012, Dr. Heber again mentioned plaintiff's prior episode of "left-sided sensory disturbance and weakness." AR 282.  The undersigned, therefore, finds the ALJ has failed to establish the existence of any inconsistency here.

II.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292.  Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations

REPORT AND RECOMMENDATION - 7

omitted).  Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001).  Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because the ALJ's credibility determination was improper, the undersigned agrees with plaintiff that the residual functional capacity with which the ALJ assessed him cannot be said at this time to accurately describe all of his functional limitations.  For the same reaon, the undersigned also agrees that the determimation that he could perform other jobs existing in significant numbers in the national economy – which is based on that assessment – and therefore that he is not disabled cannot be said to be supported by substantial evidence as well.[3] See AR 15, 22-23.

---

[3] The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520.  If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. See id.  If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." SSR 96-8p, 1996 WL 374184 *2.  A claimant's residual functional capacity ("RFC") assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. See id.  Residual functional capacity thus is what the claimant "can still do despite his or her limitations." Id.  It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. See id.

If a claimant cannot perform his or her past relevant work at step four of the sequential disability evaluation process, at step five thereof the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. See Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e).

REPORT AND RECOMMENDATION - 8

Defendant argues reversal and remand is not warranted in this case, because plaintiff has made no showing of prejudice as a result of the ALJ's errors. The burden is on plaintiff to show those errors resulted in actual harm to him. See Ludwig v. Astrue, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing Shinseki v. Sanders, 556 U.S. 396, 407-09 (2009)). "Reversal on account of error is not automatic, but requires a demonstration of prejudice." Id. A "[d]etermination of prejudice," in turn, "requires 'case-specific application of judgment, based upon examination of the record.'" Id. (quoting Sanders, 556 U.S. at 407). "Among the case-specific factors" to be considered is "'an estimation of the likelihood that the result would have been different.'" Id. (quoting Sanders, 556 U.S. at 411).

An error is thus harmless if it is "nonprejudicial to the claimant" or "inconsequential" or "irrelevant to the ALJ's ultimate disability conclusion." Stout v. Commissioner, Social Security Admin., 454 F.3d 1050, 1055 (9th Cir. 2006); see also Parra v. Astrue, 481 F.3d 742, 747 (9th Cir. 2007) (finding any error on part of ALJ would not have affected "ALJ's ultimate decision."). As noted above, "[p]rejudice cannot be presumed from any kind of error." McLeod v. Astrue, 640 F.3d 881, 887 (9th Cir. 2011). Thus, "[w]here harmfulness of the error is not apparent from the circumstances, the party seeking reversal must explain how the error caused harm." Id. But as the Ninth Circuit in McLeod further explained:

> . . . [D]espite the burden to show prejudice being on the party claiming error by the administrative agency, the reviewing court can determine from the "circumstances of the case" that further administrative review is needed to determine whether there was prejudice from the error. Mere probability is not enough. But where the circumstances of the case show a substantial likelihood

---

The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). Tackett, 180 F.3d at 1100-1101; Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2000). An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ. See Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir. 1987); Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. See Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." Id. (citations omitted).

REPORT AND RECOMMENDATION - 9

of prejudice, remand is appropriate so that the agency "can decide whether reconsideration is necessary." By contrast, where harmlessness is clear and not a "borderline question," remand for reconsideration is not appropriate.

Id. at 888 (quoting Sanders, 129 S.Ct. at 1706, 1708) (internal footnotes omitted).

In Batson, the Ninth Circuit found harmless error where "the ALJ expressly discredited [the claimant's] testimony, but erred in doing so." Stout, 454 F.3d at 1054 (citing 359 F.3d at 1195-97). But in Batson, unlike in this case, the ALJ's error was determined to be harmless because he "provided numerous other record-supported reasons for discrediting the claimant's testimony, which allowed [the Court of Appeals'] review to determine the ALJ's error did not materially impact his decision." Stout, 454 F.3d at 1055 (citing Batson, 359 F.3d at 1197). As discussed above, here while the ALJ did provide several reasons for finding plaintiff to be not fully credible, the only one found to be valid is that concerning inconsistency with the objective medical evidence.

As also discussed above, however, such inconsistency may not form the sole basis for discounting a claimant's credibility. Nor can the undersigned confidently say the errors the ALJ committed were inconsequential to his ultimate disability determination, and therefore non-prejudicial to plaintiff. As noted by the ALJ, plaintiff claims that he has significant problems with fatigue, balance and holding onto things, that he gets excruciating pain, that he he is unable to walk for very long, and that prescribed medication does not work for him. See AR 16. These claims suggest far more significant limitations than those set forth in the ALJ's assessment of plaintiff's RFC, which restricts plaintiff to only a modified range of light work. See AR 15. Given this, had the ALJ conducted a proper assessment of plaintiff's credibility,there is more than a mere probability that a more restrictive RFC and different step five determination might have been the result thereof. Accordingly, the undersigned finds plaintiff has established a

REPORT AND RECOMMENDATION - 10

substantial likelihood of prejudice as a result of the ALJ's errors.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ improperly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as well that the Court reverse the decision to deny benefits and remand this matter for further administrative proceedings in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **July 18, 2014**, as noted in the caption.

DATED this 1st day of July, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11