1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

7

8

9

10

11

ALAN RAY HANDY,

                          Plaintiff,

    v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                       Defendant.

Case No. 3:13-cv-05937-BHS-KLS

REPORT AND RECOMMENDATION
GRANTING PLAINTIFF'S MOTION FOR
ATTORNEY FEES, COSTS AND
EXPENSES

Noted for November 14, 2014

12

13

14

15

16

17

18

19

20

21

       This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28

U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. This matter comes before the Court on

plaintiff's filing of a motion for attorney fees in the amount of $7,147.19, costs in the amount of

$400.00 and expenses in the amount of $59.12 pursuant to the Equal Access to Justice Act

("EAJA"), 28 U.S.C. § 2412. After reviewing plaintiff's motion, defendant's response to that

motion, plaintiff's reply thereto, and the remaining record, the Court finds that for the reasons set

forth below plaintiff's motion should be granted.

22

FACTUAL AND PROCEDURAL HISTORY

23

24

25

26

       On July 1, 2014, the undersigned issued a Report and Recommendation, recommending

that defendant's decision to deny plaintiff's application for disability insurance benefits be

reversed and that this matter be remanded for further administrative proceedings, because the

ALJ failed to provide valid reasons for discounting plaintiff's credibility. See ECF #16. That

REPORT AND RECOMMENDATION - 1

1  Report and Recommendation was adopted by the Court on July 23, 2014. See ECF #17. As

2  defendant has filed her response to plaintiff's motion, and plaintiff has filed his reply thereto, this

3  matter is now ripe for the Court's review.

4                                            DISCUSSION

5      The EAJA provides in relevant part:

6

7      Except as otherwise specifically provided by statute, a court shall award to a
       prevailing party other than the United States fees and other expenses, in
8      addition to any costs awarded pursuant to subsection (a), incurred by that
       party in any civil action (other than cases sounding in tort), including
9      proceedings for judicial review of agency action, brought by or against the
       United States in any court having jurisdiction of that action, unless the court
10     finds that the position of the United States was substantially justified or that
       special circumstances make an award unjust.
11

12 28 U.S.C. § 2412(d)(1)(A). Thus, to be eligible for attorney fees under the EAJA: (1) the

13 claimant must be a "prevailing party"; (2) the government's position must not have been

14 "substantially justified"; and (3) no "special circumstances" exist that make an award of attorney

15 fees unjust. Commissioner, Immigration and Naturalization Service v. Jean, 496 U.S. 154, 158

16 (1990).

17     In Social Security disability cases, "[a] plaintiff who obtains a sentence four remand is

18 considered a prevailing party for purposes of attorneys' fees." Akopyan v. Barnhart, 296 F.3d

19

20 852, 854 (9th Cir. 2002) (citing Shalala v. Schaefer, 509 U.S. 292, 301-02 (1993). [1] Such a

21

22 ――――――――――――――――――
[1] Section 405(g) of Title 42 of the United States Code "authorizes district courts to review administrative decisions
in Social Security benefit cases." Id., 296 F.3d at 854. Sentence four and sentence six of Section 405(g) "set forth
the exclusive methods by which district courts may remand [a case] to the Commissioner." Id. "The fourth sentence
23 of § 405(g) authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the
[Commissioner], with or without remanding the cause for a rehearing." Melkonyan v. Sullivan, 501 U.S. 89, 98
24 (1991); see also Akopyan, 296 F.3d at 854 (sentence four remand is "essentially a determination that the agency
erred in some respect in reaching a decision to deny benefits.") A remand under sentence four thus "becomes a final
25 judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412(d), upon
expiration of the time for appeal." Akopyan, 296 F.3d at 854. A sentence six remand, on the other hand, "may be
26 ordered in only two situations: where the Commissioner requests a remand before answering the complaint, or
where new, material evidence is adduced that was for good cause not presented before the agency." Id. Accordingly,
"[u]nlike sentence four remands, sentence six remands do not constitute final judgments." Id. at 855. Instead, "'[i]n

REPORT AND RECOMMENDATION - 2

plaintiff is considered a prevailing party even when the case is remanded for further

administrative proceedings. Id. There is no issue here as to whether plaintiff is a prevailing party

given that as discussed above, this case was remanded for further administrative proceedings.

Nor is there any assertion of special circumstances making an award of attorney's fees unjust.

Rather, defendant argues the government's position was substantially justified.  The undersigned

disagrees.

As noted above, to be entitled to attorney fees under the EAJA, defendant's position must

not be "substantially justified." Jean, 496 U.S. at 158. Normally, for defendant's position to be

"substantially justified," this requires an inquiry into whether defendant's conduct was "'justified

in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person"

– and "had a 'reasonable basis both in law and fact.'" Gutierrez v. Barnhart, 274 F.3d 1255, 1258

(9th Cir. 2001) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)); Penrod v. Apfel, 54

F.Supp.2d 961, 964 (D. Ariz. 1999) (citing Pierce, 487 U.S. at 565); see also Jean, 496 U.S. at

158 n.6; Flores v. Shalala, 49 F.3d 562, 569-70 (9th Cir. 1995). As such, this "does not mean

'justified to a high degree.'" Corbin v. Apfel, 149 F.3d 1051, 1052 (9th Cir. 1998) (quoting

Pierce, 487 U.S. at 565).  On the other hand, "the test" for substantial justification "must be more

than mere reasonableness." Kali v. Bowen, 854 F.2d 329, 331 (9th Cir. 1988).

Defendant has the burden of establishing substantial justification. See Gutierrez, 274 F.3d

at 1258.  Defendant's position must be "*as a whole*, substantially justified." Gutierrez, 274 F.3d

at 1258-59 (emphasis in original). That position also "must be 'substantially justified' at 'each

stage of the proceedings.'" Corbin, 149 F.3d at 1052 ("Whether the claimant is ultimately found

---

sentence six cases, the filing period [for motions for EAJA attorney's fees] does not begin until after the postremand proceedings are completed, the Commissioner returns to court, the court enters a final judgment, and the appeal period runs.'" Id. (citing Melkonyan, 501 U.S. at 102).

REPORT AND RECOMMENDATION - 3

1    to be disabled or not, the government's position at each [discrete] stage [in question] must be

2    'substantially justified.'") (citations omitted); see also Hardisty v. Astrue, 592 F.3d 1072, 1078

3    (9th Cir. 2010) ("[D]istrict courts should focus on whether the government's position on the

4    particular issue on which the claimant earned remand was substantially justified, not on whether

5    the government's ultimate disability determination was substantially justified."). Accordingly,

6    the government must establish that it was substantially justified both in terms of "the underlying

7    conduct of the ALJ" and "its litigation position defending the ALJ's error." Gutierrez, 274 F.3d

8    at 1259.  As the Ninth Circuit further explained:

9

10           The plain language of the EAJA states that the "'position of the United States'
             means, in addition to the position taken by the United States in the civil
11           action, the action or failure to act by the agency upon which the civil action is
             based." 28 U.S.C. § 2412(d)(2)(D); *Jean*, 496 U.S. at 159, 110 S.Ct. 2316
12           (explaining that the "position" relevant to the inquiry "may encompass both
             the agency's prelitigation conduct and the [agency's] subsequent litigation
13           positions"). Thus we "must focus on two questions: first, whether the
             government was substantially justified in taking its original action; and,
14           second, whether the government was substantially justified in defending the
             validity of the action in court." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir.
15           1988).

16

17   Id.; see also Kali, 854 F.2d at 332 (noting government's position is analyzed under "totality of

18   the circumstances" test)[2]; Thomas v. Peterson, 841 F.2d 332, 334-35 (9th Cir. 1988). Indeed, the

19   Ninth Circuit has explicitly stated that "[i]t is difficult to imagine any circumstance in which the

20   government's decision to defend its actions in court would be substantially justified, but the

21   underlying decision would not." Sampson, 103 F.3d at 922 (quoting Flores, 49 F.3d at 570 n.11).

22       The EAJA does create "a presumption that fees will be awarded unless the government's

23

24   position was substantially justified." Thomas, 841 F.2d at 335; see also Flores, 49 F.3d at 569

25

26   [2] As the Ninth Circuit put it in a later case: "[i]n evaluating the government's position to determine whether it was substantially justified, we look to the record of both the underlying government conduct at issue and the totality of circumstances present before and during litigation." Sampson v. Chater, 103 F.3d 918, 921 (9th Cir. 1996).

REPORT AND RECOMMENDATION - 4

(noting that as prevailing party, plaintiff was entitled to attorney's fees unless government could show its position in regard to issue on which court based its remand was substantially justified). Nevertheless, "[t]he government's failure to prevail does not raise a presumption that its position was not substantially justified." Kali, 854 F.2d at 332, 334; Thomas, 841 F.2d at 335.

Defendant argues the government's position in defending this matter was substantially justified, because the ALJ's credibility determination had a reasonable basis in both fact and law. Substantial justification will not be found where the government defends "on appeal . . . 'basic and fundamental' procedural mistakes made by the ALJ." Lewis v. Barnhart, 281 F.3d 1081, 1085 (9th Cir. 2002) (quoting Corbin, 149 F.3d at 1053). In Corbin, the Ninth Circuit found "the failure to make [specific] findings" and "weigh evidence" to be "serious" procedural errors, making it "difficult to justify" the government's position on appeal in that case. Corbin, 149 F.3d at 1053. In Shafer v. Astrue, 518 F.3d 1067, 1072 (9th Cir. 2008), the Ninth Circuit found the ALJ "committed the same fundamental procedural errors" noted in Corbin in failing "to provide clear and convincing reasons for discrediting [the claimant's] subjective complaints," and "to make any findings regarding" the diagnosis of a non-examining medical expert. The Court of Appeals went on to find the ALJ committed additional procedural errors not present in Corbin, including rejecting "a treating physician's opinion in favor of a non-treating physician's opinion without providing clear and convincing reasons." Id.

The errors committed by the ALJ in this case are of the same level of seriousness.  The ALJ discounted plaintiff's credibility on the basis that the degree of severity of limitation alleged was inconsistent with the objective medical evidence in the record, that the record failed to definitively show plaintiff had a flare up in his multiple sclerosis after his initial diagnosis of that condition, that plaintiff failed to pursue treatment for his condition, that plaintiff's condition was

REPORT AND RECOMMENDATION - 5

satisfactorily controlled with marijuana, and that plaintiff failed to report his hand pain and numbness to one of his treatment providers. Except for the failure to pursue medical treatment,[3] the undersigned agrees with defendant that the government's position had a reasonable basis in law, given that these can form valid bases for discounting plaintiff's credibility.[4] The problem for defendant, though, is that none of them – except for inconsistency with the objective medical evidence – had a reasonable basis in fact for the reasons explained in the Report and Recommendation, and inconsistency with objective medical evidence alone is not a valid basis for discounting a claimant's credibility.[5]

Defendant asserts that "when a case is remanded without a finding of disability because the reviewing court finds the ALJ's explanation inadequate, 'the lines of demarcation are not clear, and in the vast majority of cases, a position defending a final administrative decision despite its imperfections will be justified.'" ECF #20, p. 3 (quoting DeLong v. Commissioner of Social Sec. Admin., 748 F.3d 723, 728 (6th Cir. 2014) (citation omitted)). But unlike in DeLong, the problem with the ALJ's stated reasons for discounting plaintiff's credibility was not that they were justified yet inadequately explained, but that they did not rise to the level of clear and convincing based on both errors of law and fact as explained above. See id. at 727 (holding that "an ALJ's failure to provide an adequate explanation for his findings does not establish that a denial of benefits lacked substantial justification," and that "[a] fully justified position may be poorly explained, and remand may be the most appropriate vehicle for elucidating that

---

[3] As discussed in the Report and Recommendation, the ALJ erred in discounting plaintiff's credibility on this basis without first considering any valid reasons for this failure, where the evidence in the record indicates such reasons may exist. See Carmickle v. Commissioner, Social Sec. Admin., 533 F.3d 155, 1162 (9th Cir. 2008).

[4] See Recogennitter v. Commissioner of Social Sec. Admin., 166 F.3d 1294, 1297 (9th Cir. 1998) (credibility may be discounted based on inconsistency with clinical observations); Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999) (credibility may be discounted on basis of medical improvement); Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) (failure to assert good reason can cast doubt on claimant's severity).

[5] See Orteza v. Shalala, 50 F.3d 748, 749-50 (9th Cir. 1995).

REPORT AND RECOMMENDATION - 6

1    position").

2                                    CONCLUSION

3         For all of the foregoing reasons, the undersigned finds the government's position in

4    defending this matter was not substantially justified. Accordingly, as defendant does not contest

5    the reasonableness of plaintiff's request, the undersigned recommends that his motion for

6
7    attorney's fees in the amount of $7,147.19,[6] costs in the amount of $400.00 and expenses in the

8    amount of $59.12 (see ECF #19) be granted.

9         Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

10   **fourteen (14) days** from service of this Report and Recommendation to file written objections

11   thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those

12   objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the

13   time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration

14   on **November 14, 2014**, as noted in the caption.

15
16        DATED this 29 day of October, 2014.

17

18

19                                             _Karen L. Strombom_
20                                             Karen L. Strombom
                                               United States Magistrate Judge
21

22

23
    _____
24   [6] This includes plaintiff's request for an additional $702.19 in attorney fees for replying to defendant's response to
    his motion. See ECF #21; Jean, 496 U.S. at 161-62 (stating that "absent unreasonably dilatory conduct by the
25   prevailing party in 'any portion' of the litigation, which would justify denying fees for that portion, a fee award
    presumptively encompasses all aspects of the civil action," and that "the EAJA – like other fee-shifting statutes –
26   favors  treating a case as an inclusive whole") (citing Sullivan v. Hudson, 490 U.S. 877, 888 (1989) (stating that
    where administrative proceedings are "necessary to the attainment of the results Congress sought to promote by
    providing for fees, they should be considered part and parcel of the action for which fees may be awarded").

    REPORT AND RECOMMENDATION - 7